UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charles McCoy,

       Plaintiff,

v.                                Case No. 07-15097

Jackson Chief of Police, *et al.*,          Honorable Sean F. Cox

       Defendants.

_____/

### OPINION & ORDER

Acting *pro se*, Plaintiff Charles McCoy ("Plaintiff") filed this § 1983 action on November 30, 2007. The matter is currently before the Court on: 1) a motion to dismiss and/or for summary judgment brought by former Police Chief Ervin Portis ("Portis"); and 2) a motion to dismiss brought by the remaining Defendants. The Court orders that the motions will be decided upon the briefs. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the motions shall be granted and Plaintiff's claims shall be dismissed.

BACKGROUND

Acting *pro se*, Plaintiff filed this action on November 30, 2007.

On September 11, 2008, Defendants City of Jackson and Jackson Police Department filed a "Motion to Dismiss and in the Alternative, Motion to Compel Discovery." (Docket Entry No. 27).

On September 16, 2008, Defendant Portis filed a "Motion for Summary Judgment and/or to Dismiss Pursuant to Fed. R. Civ. P. 56(c), 12(b)(6) and 37." (Docket Entry No. 28).

1

On October 7, 2008, Plaintiff filed a notice that his address had changed.  (Docket Entry No. 33).  On that same date, he also filed a written submission titled, "Notice of Damage" that states:

> Please file this request for damages.  If defendant settle before court, plaintiff will settle for $15,000 for each defendant for violation of rights, bodily injuries and personal injuries, and property damages.  Plaintiff is ill and wishes to settle this case, traveling is hard for me and please note again change of address 609 W. Franklin St. Troy, OH 45373.
> ☆Plus cost of court.

(Docket Entry No. 34).  Plaintiff did not file any other written response to either of the pending motions.

On October 7, 2008, the Court scheduled the pending motions for hearing on January 22, 2009.  (Docket Entry No. 32).  The Court also scheduled a "Mandatory Status Conference" for January 12, 2009.  Although Defense Counsel appeared for the status conference on January 12, 2009, and for the motion hearing on January 22, 2009, Plaintiff did not appear for either the status conference or the hearing.

ANALYSIS

A.     Motion Filed By Defendant Portis:

In his motion, Defendant Portis asks the Court to dismiss the claims against him on several grounds.  Each ground will be addressed in turn.

First, Defendant Portis contends that this Court should dismiss this action pursuant to FED. R. CIV., P 37(d)(1) because Plaintiff has failed to appear for his deposition in this matter. Defendant Portis contends that without the opportunity to depose Plaintiff, he cannot obtain the necessary discovery to defend against Plaintiff's claims.

Rule 37(d)(1) provides that the Court may order sanctions if a party fails, after being

2

served with proper notice, to appear for that person's deposition.  The sanctions authorized include dismissal of the action.

The record reflects that Defendants first noticed Plaintiff's deposition for May 22, 2008, and that he failed to appear.  The deposition was re-noticed for July 31, 2008, and while Plaintiff appeared on that date, he refused to answer numerous questions and left the deposition approximately an hour and a half after it began, stating that he was ill.  Defense Counsel advised Plaintiff on the record that Defendants would have to continue the deposition on another date.  Plaintiff's deposition was then re-scheduled for September 5, 2008, at the same location.  Plaintiff once again failed to appear for his deposition.

Plaintiff has not responded to this ground for relief.  Moreover, in an attempt to resolve this issue short of dismissal of Plaintiff's claims, this Court scheduled a mandatory status conference with the parties for January 12, 2009, to arrange an agreed upon date and time for Plaintiff's deposition.  (Docket Entry No. 42).  The notice for that conference expressly cautioned Plaintiff that if he failed to appear for the conference his claims would be dismissed.  Nevertheless, Plaintiff failed to appear for the conference.

Thus, while the Court is mindful that dismissal of claims is a harsh sanction, the Court concludes that dismissal of Plaintiff's claims is appropriate under the circumstances of this case.

Second, Defendant Portis contends that he is entitled to qualified immunity.  In support of this ground for relief, he states:

> In the case at hand, Plaintiff has stated no viable claim against Ervin Portis.  There is no evidence Mr. Portis violated a clearly established right or that he had any involvement in the incident at issue.  In fact, the only reference to Ervin Portis is that he allegedly agreed with the police officer, in an after the fact assessment, that Plaintiff's constitutional rights had not been violated.  (See Exh. A).  Even accepting the allegations within Plaintiff's [complaint] as true, Plaintiff

has failed to plead a valid cause of action against Mr. Portis which would survive qualified immunity. (See *Duncan v. Jackson*, 243 Fed.Appx. 890 (6th Cir. 2007)(Attached as Exh. E)(City police chief who was not personally involved in warrantless search of plaintiff's house was entitled to qualified immunity from homeowners' Fourth Amendment unlawful search claim).

(Def. Portis's Br. at 6).

Plaintiff has not responded to this ground for relief.

The Court agrees that Defendant Portis is entitled to qualified immunity because, based on the facts alleged in the complaint, Defendant Portis did not violate Plaintiff's constitutional rights.

Third, Defendant Portis take the position that he is entitled to summary judgment because there is no evidence in support of Plaintiff's claims against him. He states that Plaintiff may not rest upon the bare allegations of his complaint to withstand such a motion for summary judgment and, in response to such a motion, must present affirmative evidence to support his claims.

Plaintiff has not responded to this ground for relief, nor has Plaintiff submitted any evidence in support of his claims against Defendant Portis. Thus, the Court concludes that Defendant Portis is entitled to summary judgment on this additional basis.

For all of these reasons, the Court shall GRANT Defendant Portis's motion and dismiss the claims against him.

B.      Motion Filed By The Jackson Defendants:

In their motion, Defendants City of Jackson and the Jackson Police Department ("the Jackson Defendants") seek dismissal on two grounds.

First, like Defendant Portis, the Jackson Defendants ask the Court to dismiss Plaintiff's claims against them, pursuant to Rule 37, based on Plaintiff's failure and refusal to appear for

4

deposition.  For the reasons stated *supra,* the Court concludes that dismissal is appropriate under the circumstances of this case.

Second, the Jackson Defendants seek dismissal on the ground that Plaintiff has failed a state a claim for municipal liability.  The Court agrees that Plaintiff's complaint fails to state a claim for municipal liability under *Monell v. Dep't of Social Security Svs*, 436 U.S. 658, 691-95 (1978).

Accordingly, the Court shall GRANT the Jackson Defendant's motion and dismiss the claims against the Jackson Defendants.

CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Portis's Motion is GRANTED and Plaintiff's claims against him are DISMISSED.

IT IS FURTHER ORDERED that the Jackson Defendants' Motion to Dismiss is GRANTED and Plaintiff's claims against the Jackson Defendants are DISMISSED.

Dated:  January 23, 2009                  S/ Sean F. Cox
                                          Sean F. Cox
                                          United States District Court Judge

---

**PROOF OF SERVICE**

The undersigned certifies that on January 23, 2009, the foregoing order was served upon counsel of record via the Court's ECF System and upon Charles McCoy via U. S. Mail at the address below:

Charles McCoy
609 W. Franklin St.
Troy OH 45373

                          s/Jennifer Hernandez
                          Case Manager to
                          District Judge Sean F. Cox